# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SPARKMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-567 |
| BOBBY P. SHEARIN, et al., | * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

In answer to Petitioner's application for a writ of habeas corpus, Respondents move to dismiss the petition as time-barred. ECF No. 6. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d).[1] This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). In accordance with the decision in *Hill*

---

[1]This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), Petitioner was afforded an opportunity to explain why his § 2254 petition should not be dismissed as time-barred. Petitioner has responded. ECF No. 10.

On May 17, 2007, Petitioner was convicted, after a jury trial in the Circuit Court for Baltimore City, of first-degree murder and related handgun offenses. ECF No. 6, Ex. 1 & 2. On July 24, 2007, he was sentenced to life in prison, plus a consecutive 20 year term for using a handgun in the commission of a crime of violence. *Id.*

Petitioner noted a timely appeal, raising the following claims:

1. Did the court below err by admitting into evidence a letter purportedly written by Appellant?

2. Was the evidence legally sufficient to sustain Appellant's convictions?

*Id.*, Ex. 2. On March 26, 2009, the Court of Special Appeals of Maryland affirmed Petitioner's convictions. *Id.* On August 24, 2009, the Court of Appeals denied Petitioner's Petition for Writ of Certiorari, which raised only the claim concerning admitting the letter into evidence. *Id.*, Ex. 2. Petitioner did not seek review in the Supreme Court of the United States.

On September 16, 2010, Petitioner filed a Motion for a New Trial based on newly discovered evidence. *Id.*, Exs. 1 & 3. Following a hearing, the Circuit Court denied the motion on January 25, 2011. *Id.*, Ex. 1 & 3. Petitioner's appeal was denied on May 3, 2012, by the Court of Special Appeals, and the Court of Appeals denied Petitioner's request for review on August 21, 2012. *Id.*

Petitioner has not instituted state post-conviction proceedings. ECF No. 1.

In the instant petition, Petitioner asserts the following claims:

1. Motion for New Trial: Police report reporting other suspect;

2. Motion for New Trial: DNA results withheld by state;

3. Motion for New Trial: Eye witness testified petitioner wasn't present on the scene at time of the crime;

4. Ineffective Assistance of Counsel: Counsel failed to perform his duties in my case; and

5. Judicial Abuse of Discretion: Trial court did not complete duties as governor of the trial.

ECF No. 1.

Respondents argue that the statute of limitations began to run in Petitioner's case on November 23, 2009, at the conclusion of his direct appeal process. In support of this argument, Respondents assume that the limitations period was tolled 297 days later when Petitioner filed a motion for a new trial based on newly discovered evidence. ECF No. 6. Respondents further note that 172 days elapsed between the conclusion of proceedings on the motion for new trial and the institution of the instant case. They conclude, therefore, that the Petition is untimely. *Id*. The Court disagrees. Rather than tolling the limitations period, the discovery of new evidence served to "restart" the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D) ("the limitation period shall run from the latest of...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). By its language, the one-year period of limitation commences under § 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence under the circumstances. *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) (quoting *Wims v. United States*, 225 F.3d 186, 190 n. 4 (2d Cir. 2000)).

Section 2244(d)(1)(D) provides a petitioner with a later accrual date than that provided in § 2244(d)(1)(A) only "if vital facts could not have been known." *Owens,* 235 F.3d at 359. Here, Petitioner appears to raise several *Brady*[2] claims based on undisclosed evidence that presumably undermined the prosecution's theory in the case. From the limited record before the Court, it appears that Petitioner acted with diligence in discovering the materials as he filed his motion for a new trial, based on this evidence, within one year of the conclusion of his direct appeal. Accordingly, the Court finds Petitioner's claims based upon newly discovered evidence to be timely.

Petitioner's other issues regarding ineffective assistance of counsel and the trial court's failure to "complete duties as governor of the trial" appear unexhausted and are not defined.

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See generally* 28 U.S.C. § 2254(b) and (c). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

The law is well established that a petition containing claims which have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the

---

[2] *See Brady v. Maryland,* 373 U.S. 83, 87 (1963).

opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). The Court has reviewed the documents submitted and finds that Petitioner has failed to exhaust available state court remedies as to his claim of ineffective assistance of counsel and trial court error.

The Court may enter an order staying the case while Petitioner exhausts his state court remedies as to his unexhausted claims. Stay and abeyance is available, however, only in limited circumstances "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," and thus "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Because it is an abuse of this Court's discretion if a stay is granted for purposes of allowing a Petitioner to exhaust a claim that is plainly meritless, *see Rhines* at 277, the Court will direct Respondents to address whether the Court should grant a stay and abeyance with respect to Petitioner's claims of ineffective assistance of counsel and trial court abuse of discretion.

Should this Court grant a stay and abeyance, it must place reasonable time limits on Petitioner's trip to state court and back. *See*, *e.g., Zarvela v. Artuz,* 254 F.3d 374, 381 (2d Cir. 2001) ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed."). If Petitioner has engaged in abusive litigation tactics or intentional delay, the Court will not grant him a stay. *Rhines v. Weber* 544 U.S. 269, 278 (2005). Petitioner shall be directed to advise the Court what steps he has taken to pursue his state post-conviction remedies. He shall also be given additional time to particularize his claims and to advise the Court whether

he wishes to waive consideration of his unexhausted claims in the event a stay and abeyance is not granted.

Petitioner is reminded that a one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson,* 209 F.3d at 328. Should a stay and abeyance not be granted, dismissal of the instant petition could result in any future petition being dismissed as outside the applicable statute of limitations.

Petitioner is further advised that should he waive consideration of the apparently unexhausted claim and request this Court proceed with his exhausted claims, he would be barred from bringing a second petition asserting the ineffective assistance of counsel and trial court claims, even if he returned to state court to exhaust that claim, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

In light of the foregoing, Petitioner shall be granted twenty-eight (28) days from the date of this Memorandum Opinion to advise how he wishes to proceed in the event a stay and abeyance is not granted. He may proceed by waiving consideration of any unexhausted claim, recognizing that he may not later bring the now unexhausted claim without permission from the Fourth Circuit Court of Appeals, or he may have the Court dismiss the entire Petition without prejudice, so that he can proceed with his state post-conviction proceedings, with the caveat that he may be barred from consideration of any of his claims by this Court in the future. If the Court

fails to hear from Petitioner in the time provided, the Court will deem the unexhausted claim waived. Petitioner is also directed to further particularize his unexhausted claims and to file a status report regarding his efforts with respect to state post-conviction proceedings. A separate Order follows.

Date:  November 7, 2013                                                          /s/
                                                                    ROGER W. TITUS
                                                              UNITED STATES DISTRICT JUDGE