**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

RONALD SPARKMAN,                          \*

Petitioner                                \*

v.                                        \*        Civil Action No. RWT-13-567

BOBBY P. SHEARIN,  et al.,                \*

Respondents                               \*
                                          \*\*\*

**<u>MEMORANDUM OPINION</u>**

The above-captioned Writ of Habeas Corpus was filed on February 21, 2013, pursuant to

28 U.S.C. § 2254.  Petitioner challenges his 2007 conviction in the Circuit Court for Baltimore

City.  ECF No. 1.  He presents the following claims:

1.  Motion for New Trial: Police report reporting other suspect;

2.  Motion for New Trial: DNA results withheld by state;

3.  Motion for New Trial: Eye witness testified petitioner wasn't present on the scene at
    the time of the crime;

4.  Ineffective Assistance of Counsel: Counsel failed to perform his duties in my case;
    and

5.  Judicial Abuse of Discretion: Trial Court did not complete duties as governor of the
    trial.

ECF No. 1.

Because it appeared that the Petition may be time-barred, on February 28, 2013, this

Court issued an Order directing Respondents to file a limited response addressing only the

timeliness issue.  ECF No. 2.  In accordance with the Order, Respondents filed a limited answer

to the Petition, asserting that the Petition was time-barred, on April 29, 2013.   ECF No. 6.

Petitioner subsequently filed a response to Respondents' limited answer, arguing that the Petition

was not time-barred.  ECF No. 10.

In a Memorandum Opinion issued on November 7, 2013, the Court found that, as to

Petitioner's evidentiary claims, the Petition was timely filed.  ECF No. 11.  However, the Court

further found that two of Petitioner's claims, ineffective assistance of counsel and judicial abuse

of discretion, had not been exhausted in the state courts.  *Id.*[1]

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must

exhaust his remedies in state court."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also*

*id.* at 839 ("Federal habeas relief is available to state prisoners only after they have exhausted

their claims in state court."). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court

established a "total exhaustion" requirement and held that "a district court must dismiss habeas

petitions containing both unexhausted and exhausted claims."   *Id*. at 522; *see also*

*Rhines v. Weber*, 544 U.S. 269, 274 (2005) (noting that *Rose's* total exhaustion rule "directed

federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and

allowing petitioners to return to state court to present the unexhausted claims to that court in the

first instance.").

---

[1] Petitioner appealed his convictions to the Court of Special Appeals, raising none of the issues contained in his federal Petition. ECF No. 6, Ex. 2. On March 26, 2009, the Court of Special Appeals affirmed Petitioner's convictions. *Id*. On August 24, 2009, the Court of Appeals denied Petitioner's Petition for Writ of Certiorari. ECF No. 6, Ex. 1. Petitioner did not seek review in the United States Supreme Court. ECF No. 1.

On September 16, 2010, Petitioner filed a Motion for a New Trial, based on newly discovered evidence, in the Circuit Court for Baltimore City. ECF No. 6, Ex. 1. After hearing, the Circuit Court denied the motion on January 25, 2011. *Id.* Petitioner's appeal was denied on May 3, 2012, by the Court of Special Appeals, ECF No. 6, Ex. 3, which also denied Petitioner's request for review on August 21, 2012. ECF No. 1. As of the date of the filing of the current Petition, Petitioner had not filed a post-conviction petition in the state courts. *Id.*

In *Rhines*, the Supreme Court confronted "the problem of a 'mixed petition' for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not. More precisely, [the Supreme Court] consider[ed] whether a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id*. at 271-72.[2]   The Court answered the question in the affirmative. *Id.* at 276.

The *Rhines* Court cautioned, however, that stay and abeyance should be available only in "limited circumstances." *Id*. at 277.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id*. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

Here, Petitioner asks this Court to stay the Petition in order to allow him a reasonable amount of time to present his unexhausted claims, ineffective assistance of counsel and trial court abuse of discretion, to the state courts and then return to this Court with a perfected petition. ECF No. 1; *see also* ECF No. 13. Thus, the Court must decide whether Petitioner has shown good cause for his failure to exhaust his state court remedies regarding these claims,

---

[2]   The problem arose because when *Rose* was decided, there was no statute of limitations on the filing of federal habeas corpus petitions. *Rhines*, 544 U.S. at 274. "As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Id.* That changed in 1996 with the enactment of the Anti-Terrorism and Effective Death Penalty Act, which established a 1-year statute of limitations for filing habeas petitions in federal court. *See id*.

whether the unexhausted claims have merit, and whether he has engaged in dilatory litigation tactics.[3]

In its November 7, 2013 Order, the Court directed Respondents to address whether the Court should grant a stay and abeyance with respect to Petitioner's unexhausted claims. ECF No. 12.  In addition, Petitioner was directed to advise the Court what steps he had taken to pursue his state post-conviction remedies.  *Id.*  Petitioner was also given additional time to particularize his claims.  *Id.*  Finally, Petitioner was to advise the Court whether he wished to waive consideration of his unexhausted claims in the event the Court declined to grant a stay and abeyance.  *Id*.  The Court warned Petitioner that if stay and abeyance were not granted, dismissal of his petition could result in any future petition being barred by the statute of limitations. ECF No. 11 at 6.

Petitioner has not shown good cause for his failure to exhaust his state court remedies. Petitioner states in the Petition that he "has not filed post conviction petition at this time." ECF No. 1.  According to Petitioner, in order to comply with state procedural requirements, when the newly discovered evidence was found, Petitioner timely filed his motion for new trial and exhausted his state court remedies with regard to those claims.  ECF No. 10 at 2-3.  He then timely filed his federal habeas petition, *id.* at 3, but did not file for state post-conviction relief with respect to his ineffective assistance and judicial abuse of discretion claims.  In his response to the Court's Memorandum Opinion, Petitioner states that "Petitioner has not filed state post conviction proceedings.  Hoping to get this Court to grant relief on exhausted claims." ECF No. 13.  Thus, neither before nor after the filing of the Petition on February 21, 2013, did Petitioner make any attempt to exhaust his state court remedies as to his unexhausted claims. His hope that the Court would rule on the exhausted claims does not constitute good cause.

---

[3] There is no evidence that Petitioner engaged in dilatory litigation tactics.

Therefore, as before, the Court finds that Petitioner has failed to exhaust his state court remedies regarding his claims of ineffective assistance of counsel and trial court abuse of discretion.

In terms of "particulariz[ing] of the unexhausted claims," ECF No. 13, Petitioner responded: "Ineffective Assistance of Counsel – Right to testify. Petitioner never got to make his election. Abuse of discretion – Perjury Testimony. State knew or should have know [sic] witness was given Perjury Testimony. Addition, Trial Counsel failed to object to other crime evidence or call Alibi Witness." *Id.* This information is barely more than that given in Petitioner's "bare bones" Petition, and is certainly not a basis for this Court to find that Petitioner's unexhausted claims have merit.

Petitioner has not met the threshold requirements for granting a stay and abeyance. Therefore, the Court denies Petitioner's request for stay and abeyance.

In his response, Petitioner states that he is willing to waive consideration of his unexhausted claims if a stay were not granted and asks the Court to proceed with his exhausted claims. *Id.* Accordingly, Petitioner's ineffective assistance of counsel and judicial abuse of discretion claims are dismissed. Plaintiff shall be allowed to go forward with his exhausted evidentiary claims. The parties will be given a reasonable amount of time to brief the merits of the Petition.

Based on the foregoing, Petitioner's request for a stay and abeyance is denied. Petitioner's unexhausted claims shall be dismissed and Petitioner shall be allowed to proceed with his exhausted claims. A separate Order follows.

April 15, 2015
Date

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

5