**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONALD SPARKMAN, #345-061,
Petitioner                                             *

v.                                                     *              Civil Action No. RWT-13-567

FRANK BISHOP, et al.,                                  *
Respondents

***

<u>**MEMORANDUM OPINION**</u>

The above-captioned Writ of Habeas Corpus was filed on February 21, 2013, pursuant to

28 U.S.C. § 2254.  Petitioner challenges his 2007 convictions in the Circuit Court for Baltimore

City.  ECF No. 1.  He presents the following grounds for relief:

1.  Motion for New Trial: Police report reporting other suspect;

2.  Motion for New Trial: DNA results withheld by state;

3.  Motion for New Trial: Eye witness testified petitioner wasn't present on the scene at
    the time of the crime;

4.  Ineffective Assistance of Counsel: Counsel failed to perform his duties in my case;
    and

5.  Judicial Abuse of Discretion: Trial Court did not complete duties as governor of the
    trial.

*Id.*  Respondents have answered the Petition, ECF No. 20, and Petitioner has filed a response,

ECF No. 22.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing.  *See*

28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States

District Courts.  For the reasons that follow, the Petition will be denied and dismissed, and a

certificate of appealability shall not issue.

## **Background and Procedural History**

On May 17, 2007, after a jury trial in the Circuit Court for Baltimore City, Petitioner was convicted of first-degree murder and related handgun offenses.  ECF No. 1, at 1–2.  He was sentenced on July 24, 2007 to life in prison, plus a consecutive twenty year term for use of a handgun in the commission of a crime of violence.  *Id.* at 1.

Petitioner noted a timely appeal, raising the following claims:

1.  Did the court below err by admitting into evidence a letter purportedly written by Appellant?

2.  Was the evidence legally sufficient to sustain Appellant's conviction?

*Id.* at 2–3; ECF No. 6-2, at 2.  On March 26, 2009, the Court of Special Appeals of Maryland affirmed Petitioner's convictions.  ECF No. 1, at 3; ECF No. 6-2, at 2.  On August 24, 2009, the Court of Appeals of Maryland denied Petitioner's Petition for Writ of Certiorari.  ECF No. 1, at 3; ECF No. 6-2, at 27. Petitioner did not seek review in the United States Supreme Court. ECF No. 1, at 3.

Petitioner filed a Motion for New Trial, based on newly discovered evidence, on September 16, 2010, raising two claims.  *Id.* at 5; ECF No. 20-1.  On December 9, 2010, he filed an Addendum to the Motion for New Trial, in which he abandoned one claim and added two more.  ECF No. 20-1, at 11.  Following a hearing, the Circuit Court for Baltimore City denied the motion on January 25, 2011.  ECF No, 1, at 5; ECF No. 20-4.  Petitioner sought review in the Court of Special Appeals, arguing that the circuit court's denial of the motion for new trial was erroneous.  ECF No. 20-5.  The appellate court denied Petitioner's appeal on May 3, 2012, and on August 21, 2012, the Court of Appeals denied Petitioner's request for review.  ECF No. 1, at 5; ECF No. 6-3, at 21.

Petitioner has not pursued state post-conviction review.  ECF No. 1, at 3.

As noted above, the Petition was filed on February 21, 2013.  Because it appeared that the Petition may be time-barred, on February 28, 2013, this Court issued an Order directing Respondents to file a limited response addressing only the timeliness issue.  ECF No. 2.  In accordance with the Order, Respondents filed a limited answer to the Petition, asserting that the Petition was untimely, on April 29, 2013.  ECF No. 6.  Petitioner subsequently filed a response to Respondents' limited answer, arguing that the Petition was not time-barred.  ECF No. 10.

In a Memorandum Opinion issued on November 7, 2013, the Court found that, as to Petitioner's evidentiary claims, the Petition was timely filed.  ECF No. 11.  However, the Court also found that two of Petitioner's claims, ineffective assistance of counsel and judicial abuse of discretion, had not been exhausted in the state courts.  *Id.*  The Court ordered Respondents to address whether the Court should grant a stay and abeyance with respect to Petitioner's unexhausted claims.  *Id.*  In addition, the Court directed Petitioner to advise the Court what steps he had taken to pursue his state-court remedies, to particularize his claims, and to advise the Court whether he wished to waive his unexhausted claims and proceed with his exhausted claims in the event the Court determined that granting a stay and abeyance was unwarranted.  *Id.*  Petitioner thereafter requested a stay, informed the Court that he had not instituted state post-conviction proceedings, and stated that he wished to proceed with his evidentiary claims and was willing to waive consideration of his unexhausted claims in the event a stay was not granted.   ECF No. 13.   Respondents filed an Opposition to Stay and Abeyance on December 5, 2013.  ECF No. 14.

On April 16, 2015, the Court issued a Memorandum Opinion in which it found that Petitioner had not shown good cause for his failure to exhaust his state court remedies.

ECF No. 17.  The Court noted that neither before nor after the filing of the Petition did Petitioner make any attempt to exhaust his state court remedies as to his unexhausted claims.  *Id.*  The Court further noted that, in response to the Court's Order that he particularize his unexhausted claims, Petitioner provided little more than what was given in the Petition and that the information did not provide a basis for the Court to find his unexhausted claims had merit.  *Id.*  The Court, therefore, denied Petitioner's request for a stay and abeyance, dismissed his unexhausted claims, and allowed him to proceed with his exhausted claims.  *Id.*

On June 25, 2015, Respondents filed a Second Answer to the Petition, addressing Petitioner's exhausted claims.  ECF No. 20.  Petitioner then filed a Response to the Second Answer.  ECF No. 22.  The matter is ripe for decision.

## Threshold Considerations

### Exhaustion

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and other claims by way of post-conviction proceedings.  Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).  The burden of proving that a claim is exhausted lies with the habeas petitioner.  *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

**Procedural Default**

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749–50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489–91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard*, 134 F.3d at 619.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of

one who is actually innocent.[1]   *See Murray*, 477 U.S. at 495–96; *Breard*, 134 F.3d at 620.

"Cause" consists of "some objective factor external to the defense [that] impeded counsel's

efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting

*Murray*, 477 U.S. at 488).   Even where a petitioner fails to show cause and prejudice for a

procedural default, a court must still consider whether it should reach the merits of a petitioner's

claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*,

513 U.S. 298, 314 (1995).

### Standard of Review

The federal habeas statute, 28 U.S.C. § 2254, as amended, sets forth a "highly deferential

standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see

also Bell v. Cone*, 543 U.S. 447, 455 (2005).   The standard is "difficult to meet," and requires

courts to give state-court decisions the benefit of the doubt.   *Cullen v. Pinholster*,

131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted); *see also

Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is

because it was meant to be.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on

the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *See Murray*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).  Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence.  *See Buckner v. Polk*, 453 F.3d 195, 199–200 (4th Cir. 2006).

States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" analysis pursuant to 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, (2010) (quoting *Williams*, 529 U.S. at 411).  "Rather, that application must be objectively unreasonable." *Id*.  Thus, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams*, 529 U.S. at 410).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts.  *Id*. (internal quotation marks and citation omitted).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379 (quoting 28 U.S.C. § 2254(e)(1)).

## Analysis

Petitioner claims that he is entitled to a new trial based on newly-discovered evidence, specifically: a police report reporting another suspect (Ground One); DNA results withheld by the State (Ground Two); and eyewitness testimony that Petitioner was not present on the scene at the time of the crime (Ground Three). ECF No. 1, at 6. Respondents answer that the Petition does not meet the criteria for an application for habeas corpus relief in that it fails to set forth facts supporting the grounds for relief; Petitioner's claims are not cognizable; two of Petitioner's grounds for relief (Grounds Two and Three) have been procedurally defaulted; and, in any event, the state courts' determination of all three claims on the merits represents a reasonable application of the law based on the record before them. ECF No. 20, at 7–8.

## Respondents' Arguments

The Court first addresses Respondents' argument that the Petition fails to set forth supporting facts for each ground for relief. Respondents are clearly correct. *See* ECF No. 1, at 6; *see also* Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's "ground" in all three instances is "Motion for a New Trial." ECF No. 1,

at 6. Under "Supporting Facts" he lists only the allegations stated above. *Id.* As was the case when asked to particularize his claims, Petitioner provides little more information in his Response beyond that contained in the "bare-bones" Petition. ECF No. 22, at 5.

The Court, however, rejects Respondents' second contention, that Petitioner's claims are not cognizable. Respondents state that Petitioner's lone constitutional claim—for ineffective assistance of counsel—has been dismissed and that none of his remaining claims relies on a constitutional or federal law challenge to the state court's judgment of conviction. ECF No. 20, at 7–8. However, at the hearing in the circuit court on the motion for a new trial, Petitioner's counsel described his claims as *Brady*[2] issues, and that court referred to the allegations that the prosecution withheld evidence as such. ECF No. 20-3, at 45, 51. This Court observed that "Petitioner appears to raise several *Brady* claims based on undisclosed evidence that presumably undermined the prosecution's theory in the case." ECF No. 11, at 4 (footnote omitted). *Brady* violations, or alleged violations, are cognizable in the federal courts. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

Next, Respondents note that "both the circuit court and the Court of Special Appeals found two of Sparkman's claims . . . procedurally defaulted," and that "[t]his plain statement of procedural default is reason alone, absent showings by Sparkman of cause and prejudice or of actual innocence, to reject the instant contention." ECF No. 20, at 8 (citing *Coleman*, 501 U.S. at 729–57). Although Petitioner alleges that he is "actually innocent" of the crimes for which he was charged and convicted, his main argument in support of this allegation is that the

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

prosecution withheld evidence.   ECF No. 22, at 4–6.[3]   It remains to be seen whether this evidence is material to the question of Petitioner's guilt.   *See Brady*, 373 U.S. at 87.

Finally, both Respondents and Petitioner note that the Court of Special Appeals denied his claims on the merits (as did the circuit court).   ECF No. 20, at 8; ECF No. 22, at 5. Respondents briefly argue that the appellate court's determination was a reasonable application of the law based on the record before it.   ECF No. 20, at 8.   Petitioner disagrees.   ECF No. 22, at 5.   Despite the procedural defects in the Petition, the Court will address the merits of Petitioner's claims.   *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### *Brady*

In *Brady v. Maryland*, defense counsel had asked the prosecution to allow him to examine statements made by Brady's accomplice.   373 U.S. at 84.   Several statements were shown to defense counsel, but one, in which the accomplice admitted committing the homicide of which he and Brady were accused, was withheld and discovered by the defense only after Brady's trial had ended and his conviction had been affirmed.   *Id.*   The Supreme Court held that the withholding by the prosecution, whether or not the prosecution acted in good faith, of evidence favorable to an accused upon request violates due process where the evidence is material either to a defendant's guilt or punishment.   *Id.* at 87.

> [The Court has] since held that the duty to disclose such evidence is applicable even though there has been no request by the accused, and that the duty encompasses impeachment evidence as well as exculpatory evidence.   Such

---

[3] As will be discussed *infra*, Petitioner added the following information: (1) that the police report allegedly withheld listed another suspect with respect to the crimes; (2) that the allegedly withheld DNA results permitted the prosecution to argue to the jury that Petitioner was the producer of a letter and envelope admitted as evidence at Petitioner's trial; and (3) that an eyewitness who was present on the scene during the murder testified at the hearing on Petitioner's motion for new trial that Petitioner was not present on the scene at that time.   ECF No. 22, at 5.

evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Moreover, the rule encompasses evidence known only to police investigators and not to the prosecutor.

*Strickler v. Greene*, 527 U.S. 263, 280–81 (1999) (internal citations and quotation marks omitted); *see also Craig v. State*, 76 Md. App. 250, 260, 263–64 (1988).

There are three fundamental components to a *Brady* claim: (1) "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the "evidence must have been suppressed by the State"; and (3) the evidence must be material to the defense, that is, "prejudice must . . . ensue[]." *Walker v. Kelly*, No. 08-11, 2009 WL 4877761, at *8 (4th Cir. Dec. 16, 2009) (quoting *Strickler*, 527 U.S. at 281–82) (alterations in original).

## Motion for New Trial

The Court of Special Appeals of Maryland, in its unreported opinion affirming the circuit court's denial of Petitioner's motion for new trial, described the relevant standard as follows:

> To prevail on a motion for new trial based on newly discovered evidence under Rule 4-331(c), a defendant must demonstrate that the evidence was newly discovered and that it was not capable of being discovered by due diligence. *Id.*[4] at 656. In addition, "[n]ewly discovered evidence warrants a new trial only if it may well have produced a different result, that is, there was a substantial or significant possibility that the verdict of the trier of fact would have been affected . . . ." *Miller v. State*, 380 Md. 1, 28 (2004) (internal citation omitted). Finally, the new evidence submitted under Rule 4-331(c) must not be "merely cumulative or impeaching." *Campbell*, 373 Md. at 669–70 ("the difference between evidence that is 'impeaching' and evidence that is 'merely impeaching' is that the latter includes 'collateral impeachment and peripheral contradiction." (citation omitted)). It is the defendant's burden to persuade the court that a new trial should be granted. *Jackson v. State*, 164 Md. App. 679, 686 (2005).

---

[4] The reference is to *Campbell v. State*, 373 Md. 637 (2003).

ECF No. 6-3, at 13 (alterations in original).[5]

With this framework in mind, the Court turns to Petitioner's specific grounds for relief.

## Ground One

Petitioner alleges that the State withheld a Baltimore City Police Department report, dated January 14, 2005, linking another suspect to the crimes for which he was convicted. ECF No. 1, at 6; ECF No. 20-4, at 3; ECF No. 22, at 5.  Petitioner argued to the circuit court that the report "provide[d] an alternate suspect and therefore constitute[d] newly discovered evidence that should serve as the basis for a new trial under Md. Rule 4-331(c)."  ECF No. 20-5, at 29.[6] This claim was contained in his original motion for new trial, filed on September 16, 2010, ECF No. 20-1; ECF No. 20-5, at 29, and was, therefore, timely, ECF No. 20-4, at 4.

The standard for determining "materiality" under Maryland law is that the newly discovered evidence "may well have produced a different result," or, in other words, that "there was a substantial or significant possibility that the verdict of the trier of fact would have been affected . . . ."  *Miller*, 380 Md. at 28.  This standard is akin to that articulated by the Supreme Court in *Brady*.  *See* 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment . . . ."); *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999) ("Such evidence is

---

[5] Rule 4-331, as quoted by the Court of Special Appeals of Maryland, provides in relevant part:

> (c) **Newly Discovered Evidence**.  The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule;
>
> (1) on motion filed within one year after the date the court imposed sentence or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later . . . .

ECF No. 6-3, at 10-11; *see also* Md. Rule 4-331(c)(1).  Section (a) requires a defendant to move for a new trial within ten days of the verdict.  *See* Md. Rule 4-331(a) ("On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial.").

[6] There is a page missing from ECF No. 20-4.  ECF No. 20-4, at 2–3.  The entire document, including the missing page, is attached to Petitioner's brief to the Court of Special Appeals of Maryland.  ECF No. 20-5.  With regard to ECF No. 20-4, the Court will refer to the page numbers as they appear on CM/ECF.

material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."). "Whether the evidence is material and whether the evidence could have been discovered by due diligence are threshold questions . . . ." *Campbell*, 373 Md. at 669. The circuit court's factual findings are presumptively correct, and it is Petitioner's burden to rebut the presumption of correctness. *See* 28 U.S.C. § 2254(d)(2). Of note for this case, "[w]here the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe*, 593 F.3d at 378.

The report at issue was written by a housing officer, Officer Brown. ECF No. 20-5, at 29. The circuit court, in its Memorandum and Opinion denying the motion, summarized Officer Brown's report as follows:

> In his report, Officer Brown writes that he and others were investigating the homicide "that just occurred" when he was approached by a man named Carl Barnhill, who asked Officer Brown questions about the shooting and behaved in a suspicious manner. Officer Brown requested identification, and Mr. Barnhill attempted to flee. Officer Brown "advised him he was a suspect in this investigation." Mr. Barnhill attempted to flee again, and Officer Brown arrested him and discovered marijuana on his person. Mr. Barnhill was transported to Central Booking for processing.

ECF No. 20-5, at 29–30; *see also* ECF No. 20-4, at 3. The circuit court found that the police report was not material. ECF No. 20-4, at 3. The court stated:

> At Defendant's trial, the evidence presented by the State included the testimony of two eyewitnesses and an inculpatory letter written by Defendant. Officer Brown's report was not material to the evidence presented at trial. Mr. Barnhill was not questioned about the homicide for which Defendant was convicted, and the police report does not suggest that Mr. Barnhill had any involvement in or knowledge of the homicide. Because the police report is not material and would not have affected the jury's verdict, it does not constitute newly discovered evidence upon which a new trial can be granted.

*Id.*

The Court of Special Appeals affirmed the circuit court's determination:

> The circuit court's conclusion that Officer Brown's report was not material to the appellant's trial was not erroneous. As the court emphasized, although Officer Brown initially told Barnhill that he was a suspect, he was never actually treated or questioned as one. In fact, defense counsel acknowledged at the hearing on the motion for new trial that Barnhill never was an actual suspect in the homicide. Accordingly, he could not have used the information contained in the police report to suggest otherwise. Therefore, the only value the report would have had would have been to impeach Detective Brummer's trial testimony that there were no other civilians in the area.[7] Given that such impeachment evidence is insufficient to qualify as material evidence for purposes of the motion for new trial, the court did not abuse its discretion or err in denying the appellant's motion on this basis.

ECF No. 6-3, at 14–15.

This Court cannot say that either of the state courts' decisions on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state courts concluded that Officer Brown's report would not have affected the jury's verdict and that, because it did not concern the question of his guilt or innocence, it represented, at best, a "peripheral contradiction." *Campbell*, 373 Md. at 670 (quoting *Love v. State*, 95 Md. App. 420, 433 (1993)). Therefore, it was not material. ECF No. 6-3, at 14–15; ECF No. 20-4, at 3. The courts' overall determinations that the report was not material comports with the Supreme Court's decision in *Brady*. *See* 373 U.S. at 87; *see also Strickler v. Greene*,

---

[7] At this point the court included a footnote which reads, in its entirety:

> At trial Detective Brummer testified that there were no other civilians present at the homicide scene when he arrived; that he did not contact any other people in the community; and that he was unaware whether any other police officers contacted other people in the community. Given that testimony, the impeachment value of the police report is questionable.

ECF No. 6-3, at 15 n.5.

527 U.S. at 280–81.  The circuit court's and Court of Special Appeals' applications of "clearly established Federal law" were neither incorrect nor unreasonable.  28 U.S.C. § 2254(d)(1).

Simply put, Petitioner has not met his burden of rebutting the presumption of correctness of the state courts' factual findings, particularly since the circuit court conducted an evidentiary hearing, during which both testimony and argument were presented.  *See* ECF No. 20-3; 28 U.S.C. § 2254(e)(1).  Petitioner simply states that the report "list[ed] another subject to these crimes."  ECF No. 22, at 5.  The Maryland courts found otherwise.  As previously observed, "even if [r]easonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts.  *Wood*, 558 U.S. at 301 (alteration in original) (internal quotation marks and citation omitted).  Accordingly, Petitioner's first ground for relief fails.

## Ground Two

Petitioner next alleges that the State withheld the results of a DNA examination, which analyzed a swab of Petitioner's mouth to determine whether he had sealed the envelope containing an inculpatory letter.[8]  ECF No. 1, at 6; ECF No. 20-4, at 3; ECF No. 22, at 5. Petitioner argued at the hearing on the motion for new trial that because the report indicated that the test results were inconclusive, the jury might have concluded that he had not authored the letter.  EF No. 6-3, at 9; ECF No. 20-3, at 38–39.  This allegation was not contained in Petitioner's original motion for a new trial but, rather, was initially raised in the addendum to that motion.  ECF No. 20-1.

---

[8] The letter, purportedly mailed by Petitioner to Tamira Sparkman, was returned to the Baltimore City Detention Center, marked "Return to Sender."  ECF No. 6-3, at 4 & n.1.  It was seized by a correctional officer after she saw that it contained what appeared to be an autopsy photograph.  *Id.* at 4.  The writer of the letter described the photo as "my victim."  ECF No. 6-3, at 3.  Petitioner moved to suppress the letter on Fourth Amendment grounds, but, after hearing, the trial court denied the motion.  *Id.* at 4 n.1.

The circuit court first held that the claim was untimely filed and, therefore, the court lacked jurisdiction to consider the claim. ECF No. 20-4, at 4. Alternatively, the court held that the DNA test results could not be considered "newly discovered evidence" due to Petitioner's lack of due diligence in attempting to obtain the test results. *Id.*[9]

The Court of Special Appeals affirmed the circuit court's decision in both respects. First, the court rejected Petitioner's argument that "the addendum did not constitute an 'entirely different motion,'" ECF No. 6-3, at 15, explaining that *Ware v. State*, 3 Md. App. 62 (1968), definitely held that addendums to motions for a new trial that raise new grounds should be considered new motions and subject to dismissal for timeliness. ECF No. 6-3, at 15–16.

As to the merits of the claim, the Court of Special Appeals also affirmed the circuit court's alternative finding:

> The circuit court's finding that the appellant failed to show that he had acted with due diligence in obtaining the DNA results was not erroneous. The appellant knew that his mouth was swabbed for purposes of testing his DNA against that on the letter; in fact, defense counsel acknowledged that he asked for the DNA results on several occasions before trial. The appellant failed to file a motion to compel, however, or any other motion based upon an alleged discovery violation by the State regarding the DNA evidence so as to obtain, or at least make an effort to obtain, the DNA results before trial. Accordingly, the DNA results were not newly discovered, and the court acted within its discretion in denying the appellant's motion on this basis.

*Id.* at 18.

"This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural." *Coleman*, 501 U.S. at 729 (internal citations omitted). In the habeas corpus context, "[t]he doctrine applies to bar federal habeas when a state court declined to address a

---

[9] A procedural default is not waived when a state court reaches the merits of a federal claim as an alternative basis for dismissal. *Sharpe*, 593 F.3d at 377.

prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729–30; *see also Sharpe*, 593 F.3d at 377 ("In general, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." (quoting *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000)); *id.* ("A federal habeas court does not have license to question a state court's finding of procedural default or question whether the state court properly applied its own law." (internal quotation marks omitted)).   The *Coleman* Court further held that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750.

Here, Maryland Rule 4-331 provides such an adequate and independent state ground. Rule 4-331 provides a one-year period, from the entry of judgment or a mandate from the final appellate court to hear a direct appeal, to file a motion for new trial based on newly discovered evidence. Md. Rule 4-331(c)(1). The original motion for new trial was filed within the one-year period; the addendum was not. Accordingly, this claim is procedurally defaulted, and this Court may not address it unless he can demonstrate both cause for the default and prejudice as a result of the alleged violation, or that failure to consider the claim will result in a fundamental miscarriage of justice.

Petitioner does not attempt to argue cause and prejudice for his procedural default. Instead, he claims that he is actually innocent of the crimes for which he was charged and convicted. ECF No. 22, at 4. His argument, in general, rests on the premise that the State

withheld evidence. *Id.* at 4–6. The alleged withholding of the DNA results, Petitioner states, permitted the State to "present to the jury . . . that the Petitioner is the producer of a letter and envelope admitted as evidence in Petitioner's trial." *Id.* at 5. This is a far cry from demonstrating, by a preponderance of the evidence, that a reasonable juror could not have convicted him in light of the "new" evidence. *Buckner*, 453 F.3d at 199–200 (citing *Schlup*, 513 U.S. at 327); *see also id.* at 200 ("New evidence that merely undermines the state's theory of the case but does not rebut specific jury findings of guilt is insufficient to demonstrate actual innocence.").

The state courts' determination that the claims presented in the addendum were untimely represents an adequate and independent state procedural ground on which to dismiss the claims presented therein. The court's conclusion is not an erroneous or unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1), and, therefore, necessitates a finding by this Court that Petitioner has procedurally defaulted his claim pertaining to the DNA test results.

The Maryland courts' alternative merits determination was also reasonable. The courts found that the Petitioner was aware the letter existed and that a DNA sample had been taken. Therefore the evidence was not newly discovered and Petitioner had not exercised due diligence to obtain the results. This determination was not unreasonable in light of the evidence presented at the hearing on the motion for new trial. *See* 28 U.S.C. § 2254(d)(2). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Thus, the Court rejects Petitioner's second ground for relief.

**Ground Three**

The final piece of evidence Petitioner claims the State withheld was the identity of an eyewitness, Freddie Frazier (also known as "Bey"), who testified at the hearing on Petitioner's

motion for a new trial that Petitioner was not present on the scene at the time of the crime. ECF No. 1, at 6; EF No. 20-4, at 4; ECF No. 22, at 5.   Petitioner argued that Frazier's testimony established that Petitioner was not the person who shot the victim.   ECF No. 6-3, at 18. This claim was also presented for the first time in the addendum.  ECF No. 20-1, at 11.

The circuit court again found the claim untimely, as it was not included in Petitioner's original (timely) motion for new trial.  ECF No. 20-1; ECF No. 20-4, at 4.  The court explained: "For the reasons outlined in [Ground Two] above, this Court does not have jurisdiction to decide on the merits of the Freddy Frazier testimony, as the issue was not timely presented." ECF No. 20-4, at 4.

The circuit court also made an alternative finding on the merits.   As with the DNA results, the court determined that Frazier's identity did not constitute newly discovered evidence due to Petitioner's failure to exercise due diligence in attempting to identify and find Frazier.  *Id.* The court stated:

> Even if Defendant had raised the issue of Mr. Frazier's identity before the filing deadline, this would not constitute newly discovered evidence.   The existence of a witness called "Bey" was disclosed to Defendant by the State in advance of trial, and Defendant has not demonstrated that he exercised the required due diligence by making efforts to identify and locate "Bey" before going to trial.

*Id.* at 4–5.

Once again, the Court of Special Appeals affirmed both the circuit court's finding as to the untimeliness of the addendum and its finding on the merits of Petitioner's claim. ECF No. 6-3, at 16, 19.  With respect to the circuit court's alternative finding regarding Frazier's identity, the Court of Special Appeals concluded that the circuit court properly ruled that Petitioner had not demonstrated that the evidence was newly discovered.  *Id.* at 19.

> The court's finding that the appellant failed to demonstrate that he acted with due diligence in identifying "Bey" was not erroneous.  The appellant was aware prior to trial that a person nicknamed "Bey" was a possible eyewitness to the homicide.  Defense counsel did not ask the State or any of the police officers involved for more information about "Bey."  While defense counsel stated that he asked the appellant and his family for help locating "Bey," Frazier's testimony made plain that the appellant and his family were aware of his identity, that "Bey" was his nickname, and of his location, and therefore easily could have located him.

*Id.*

For the reasons stated above with respect to Ground Two, the Court finds that the state courts' determination regarding the untimeliness of Petitioner's third ground for relief represents an adequate and independent state procedural ground.  Therefore, Petitioner has procedurally defaulted this claim as well.

Although Petitioner again claims that he is "actually innocent," his only specific argument regarding Frazier is that "[t]his eyewitness's testimony substantiates Petitioner's actual innocence."  ECF No. 22, at 6.  As with the previous ground, this statement falls short of meeting his burden of demonstrating that, had this "newly discovered" evidence been available, a reasonable juror could not have convicted him.

Little more need be said with respect to the state court's factual findings.  The circuit court's determination of the facts was not unreasonable in light of the evidence presented to it.  *See* 28 U.S.C. § 2254(d)(2).  The court heard testimony from Frazier.  ECF No. 20-3, at 5–25.  It found that the existence of a witness named "Bey" had been disclosed to the defense prior to Petitioner's trial. ECF No. 20-4, at 4.  The court further found that Petitioner had not attempted to locate Frazier before the trial, despite Frazier's testimony that Petitioner and his family were aware of his identity, as the Court of Special Appeals pointed out.  ECF No. 6-3, at 18; ECF No. 20-4, at 5.  These findings are presumptively correct.  28 U.S.C. § 2254(e)(1).  Based on these

facts, the state courts reasonably concluded that Petitioner again had failed to exercise due diligence and, therefore, Frazier's identity did not constitute newly discovered evidence. ECF No. 6-3, at 19; ECF No. 20-4, at 4-5; s*ee also* 28 U.S.C. § 2254(d)(2).   Consequently, Petitioner's third ground also fails.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rouse v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  Reasonable jurists would not find Sparkman's claims debatable.

### Conclusion

For the reasons stated herein, Sparkman's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.  A separate Order follows.


January 8, 2016                                    /s/
Date                                ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE